ERDMANN, Judge
(concurring in the result):
I respectfully disagree with the majority’s conclusion that the magistrate had a substantial basis for determining that probable cause existed. Because I believe that the good faith exception applies to this case, however, I concur in the result.
I agree with the majority that we review the magistrate’s determination that probable cause existed by examining the facts known to the magistrate at the time of his decision and by analyzing the manner in which the facts became known to the magistrate. The magistrate must be provided sufficient information to make an independent determination about the existence of probable cause under the totality of the circumstances. United States v. Monroe, 52 M.J. 326, 331 (C.A.A.F.2000)(citing Illinois v. Gates, 462 *219 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).
Here, the facts known to the magistrate were presented through the affidavit of SA Spring and indicated the following: Leedy’s roommate, Winkler, informed SA Spring that Leedy’s computer was positioned in such a way as to preclude others from directly observing his monitor; Leedy told Winkler that he downloads files from the internet; and Winkler observed the play list on Leedy’s Windows’ Media Player and believed several titles described pornographic files. Two file titles were named in the affidavit, “three black guys and one white girl” and “14 year old Philipino girl.”
Even considering that these facts were filtered through the expertise of SA Spring when presented to the magistrate, I believe they fall short of demonstrating a fair probability that child pornography would be found on Leedy’s computer. Two of the facts— that Leedy’s computer monitor was positioned for privacy and that Leedy downloads internet files — are such common occurrences of innocent daily activity that they add very little, if anything, to a common-sense analysis of probable cause. I do not believe that what remains — the two file titles and the unexplained belief of Leedy’s roommate that other file titles were pornographic — is enough to justify the search of an individual’s personal computer for child pornography. Although the standard for probable cause does not necessarily require that the illegal images be attached or described, a common-sense approach demands more concrete information than what was provided here to establish a fair probability that evidence of a crime will be found. See Monroe, 52 M.J. at 331-32. An investigator’s expertise may add value in certain instances, but the scarce facts of this case establish an underlying deficiency that reliance on an investigator’s experience and training cannot overcome.
In this regard, the majority relies on a finding by the military judge that Winkler “did not clearly remember the name of any other files, but did recall that some mentioned ages and some mentioned acts.” If the magistrate did in fact have this information before him, the case for probable cause is stronger. However, this information was not included in SA Spring’s affidavit and there is no evidence that these specific details were presented to the magistrate. Rather, this fact was part of Winkler’s statement to AFOSI, which the majority correctly excluded from consideration because the magistrate did not review that statement. The AFOSI statement, nevertheless, was presented to the military judge for his consideration on the motion to suppress the results of the search. To the extent that the military judge relied on that statement, he erred. For this reason, the fact that Winkler recalled seeing unnamed titles that mentioned ages and acts is not part of this court’s consideration.
Although I do not believe probable cause existed, I nevertheless concur in the result because I would find that the good faith exception applies in this case. The good faith exception, which is contained in Military Rule of Evidence 311(b)(3), provides as follows:
Evidence that was obtained as a result of an unlawful search or seizure may be used if:
(A) The search or seizure resulted from an authorization to search, seize or apprehend issued by an individual competent to issue the authorization under Mil.R.Evid. 315(d) or from a search warrant or arrest warrant issued by competent civilian authority;
(B) The individual issuing the authorization or warrant had a substantial basis for determining the existence of probable cause; and
(C) The officials seeking and executing the authorization or warrant reasonably and with good faith relied on the issuance of the authorization or warrant. Good faith shall be determined on an objective standard.
See also United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405 (1984).
In its application, the good faith exception is notably broad where, as here, there is no evidence of law enforcement misconduct. In United States v. Leon, the Supreme Court explained that the Fourth Amendment itself *220 does not expressly require excluding evidence that was obtained in violation of its command. Rather, the exclusionary rule operates as “a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.” 468 U.S. at 906, 104 S.Ct. 3405 (citation and quotation omitted). Use of the exclusionary rule is to prevent further police misconduct in other cases, not to compensate the individual whose Fourth Amendment rights were violated or to punish the errors of judges and magistrates. 468 U.S. at 906, 916, 104 S.Ct. 3405. The Supreme Court concluded that:
In the ordinary case, an officer cannot be expected to question the magistrate’s probable-cause determination or his judgment that the form of the warrant is technically sufficient. Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law____ Penalizing the officer for the magistrate’s error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.
468 U.S. at 921, 104 S.Ct. 3405 (citation and quotation omitted).
Consistent with this precedent, this court has previously determined that:
“Substantial basis” as an element of good faith examines the affidavit and search authorization through the eyes of a reasonable law enforcement official executing the search authorization. In this context, the second prong of Mil.R.Evid. 311(b)(3) is satisfied if the law enforcement official had an objectively reasonable belief that the magistrate had a “substantial basis” for determining the existence of probable cause.
United States v. Carter, 54 M.J. 414, 422 (C.A.A.F.2001).
With this backdrop, I conclude that the good faith exception applies in this case. The facts here raise no issue under M.R.E. 311(b)(3)(A). As to M.R.E. 311(b)(3)(B) and 311(b)(3)(C), even though I find SA Spring’s affidavit is insufficient to support the magistrate’s determination that probable cause existed, the deficiencies are not so egregious that the law officer executing the warrant should be faulted for relying on the magistrate’s probable cause determination. Because the good faith exception would allow the prosecution to use the evidence obtained from the search of Leedy’s computer, I would affirm the decision of the United States Air Force Court of Criminal Appeals on this alternative ground.